FILED
CLERKS OFFICE
2006 JUN -1 P 4: 32
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
 )
v. ) Cr. No. 04CR10220
 )
YVELISSE GONZALEZ )
Defendant )

**DEFENDANT YVELISSE GONZALEZ'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE**

**INTRODUCTION**

Through counsel, Yvelisse Gonzalez files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

The background of this case has been summarized in the U.S. Probation Department's Pre-sentence Report prepared December 29, 2005.

The Government and Yvelisse Gonzalez have entered into a plea agreement in which Ms. Gonzalez pleads guilty and admits to responsibility for between 400-700 grams of heroin. In return for this guilty plea the Government will recommend a sentence in the low end of the range as determined by the Defendant's base offense level. This Court should adopt the recommendation pursuant to the plea agreement, except that it should also adopt the two level downward departure for the Defendant's minor role, and sentence Ms. Gonzalez accordingly.

## ARGUMENT

### I. SENTENCING UNDER BOOKER

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, mak[ing] the Guidelines effectively advisory. Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A.§ 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a). Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));
2) the kinds of sentences available (§ 3553(a)(3));
3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and
4) the need to provide restitution to any victims of the offense. (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added).

Under 18 U.S.C. § 3661, *no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug

or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. § 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, 359 F.Supp.2d 521 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses he was 17 and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore. United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives heavy weight to the guideline range comes perilously close to the mandatory regime found to be constitutionally infirm in Booker. United States v. Jaber, 362 F.Supp.2d 365, (D. Mass. March 16, 2005) (Gertner, J.). See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence), rehearing en banc granted, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise if it thought the Guidelines not only had to be considered (as the amputated statute requires) but had generally to be followed its opinion would surely say so.

Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given heavy weight, its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider all of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## II. APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**a) The nature and circumstances of the offense and the history and characteristics of the defendant**

Yvelisse Gonzalez is charged with importing heroin. Although these are serious charges and Ms. Gonzalez is admitting she did import the heroin, she has no criminal history and is not charged with any violent conduct. Ms. Gonzalez is deeply remorseful of her criminal acts and has accepted responsibility for her actions. Ms. Gonzalez has a large family, as well as children of her own, whom she is very devoted to. Her incarceration will be a great burden on both her and her family.

**b) The kinds of sentences available**

In Booker, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. Booker, 125 S. Ct. at 756. This renders the sentencing guidelines advisory. Id. This means that the Court has broad discretion in determining a sentence. This Court should sentence within the range of sentences recommended under the plea agreement. To do otherwise would be a future deterrent to defendants who would otherwise plead guilty, and the resulting demands for trials would overwhelm the criminal justice system.

**c) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

A sentence within the guideline range is a just sentence and should avoid any sentencing disparities.

**d) The need to provide restitution to any victims of the offense**

There are no known restitution issues in this case.

**III. THE DEFENDANT SHOULD BE GRANTED A 2 LEVEL DOWNWARD DUE TO THE DEFENDANT'S MINOR ROLE.**

On or about October 19, 2005, the Ms. Gonzalez signed a plea agreement whereby the parties' agreed to Defendant's guilty plea to responsibility for 400-700 grams of heroin; that the Defendant would request a 2 level departure due to her minor role; and that no other adjustments are appropriate under the Guidelines. The Defendant also has no prior convictions.

If a defendant was a minor participant in any criminal activity, then his sentence should be reduced by two levels. If his role was minimal, then the sentence should be decreased by four levels. United States Sentencing Guidelines § 3B1.2 (a) & (b) (2005) (hereinafter, "U.S.S.G."). A minor participant is a participant whose role is not minimal, but who is less culpable than the other defendants. U.S.S.G. § 3B1.2, application note 5. To qualify as a minor participant, a defendant must prove that he is both less culpable than his cohorts in the particular criminal endeavor and less culpable than the majority of those within the universe of persons participating in similar crimes. United States v. Teeter, 257 F.3d 14, 30-31 (1st Cir. 2001). The Court may also compare each participant's acts and culpability to the elements of the offense. United States v. Gregorio, 956 F.2d 341, 344 (1st Cir. 1992).

In United States v. Garvey, the defendant was given a two-level reduction as a minor participant, but argued he should have a three or four-level reduction. That defendant was hired as a courier by a person he met in Jamaica. That defendant flew from Florida to Fargo, North Dakota, with 8.13 kilograms of hashish oil, which he exchanged with a Canadian citizen for $37,000, before attempting to return to Florida. That defendant admitted making a previous trip to North Dakota for the same dealer. Garvey, 905 F.2d at 1145.

In United States v. Rodriguez-Castillo, 350 F.3d 1, 3 (1st Circuit 2003) the courts found the defendant was properly considered a minor participant when he was charged with illegal importation of cocaine and he readily admitted guilt and cooperated with law enforcement.

The present case is almost exactly the same as the two above, the instant defendant was merely a courier and has admitted to making one previous such transaction. The defendant's actions in the grand scheme of the drug distribution conspiracy were relatively minor. She never intended to be nor was she involved in drug trade in any way other that as a courier. As such she was completely expendable and had she not transported the drug, the principles could easily have found someone else to do so. This was also something the Ms. Gonzalez did not regularly do. She readily admitted she had done it once before, but other than that Ms. Gonzalez was never involved in any drug activity. Therefore Ms. Gonzalez is less culpable than the other people involved in the drug trafficking and she should be considered to have had a minor role.

Based upon Defendant's minor role and no prior convictions for drug-related offenses, the Defendant should be sentenced according to and within the 63 to 78 month sentencing range agreed to by the parties in the plea agreement. Defendant respectfully acknowledges that the sentence is within the discretion of the sentencing court, subject to the statutory maximum and minimum penalties, the provisions of the Sentencing Reform Act, and the U.S. Sentencing Guidelines, as modified by United States v. Fanfan, and United States v. Booker, 543 U.S. 220 (2005).

**IV. THE DEFENDANT SHOULD BE GRANTED A DOWNWARD DEPARTURE BASED UPON HER STATUS AS A DEPORTABLE ALIEN.**

Yvelisse Gonzalez should be granted a two level downward departure based on her status as a deportable alien. Ms. Gonzalez has pled guilty to a charge that will result in a significant sentence and at the completion of that sentence she will be deported. Due to this

status, Ms. Gonzalez will serve her sentence "under circumstances that are more severe than those facing a United States citizen under similar circumstances," U.S. v. Restrepo, 999 F. 2d 640 at 642 (2nd Cir 1993). A deportable alien is rendered ineligible to serve her sentence in a minimal security facility and to serve a part of the last 10% of her sentence in a community custody program such as a halfway house or home confinement. See Restrepo at 643. Because the Immigration and Naturalization Service has also filed an Immigration Detainer at the end of Ms. Gonzalez's confinement with the Bureau of Prisons, she will be turned over to Immigration which will likely hold her for up to six additional months before she is deported. In U.S. v. Smith, 27 F.3d 649 (D.C. Cir. 1994) the court held that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."

**CONCLUSION**

In light of the terms of the plea agreement reached by the parties and the lack of prior convictions for drug-related offenses, the defense respectfully recommends that the Defendant be sentenced according to the terms of the plea agreement. ~~The Defendant also requests that he be able to serve out his sentence at FCI Fort Dix in New Jersey. The majority of the Defendant's family lives in Massachusetts and incarcerating him in New Jersey would enable them to be able to visit.~~

Respectfully Submitted,
Defendant,
Yvelisse Gonzalez,
By His Attorney,

Jose A. Espinosa
11 Green Street
Jamaica Plain, MA 02130
BBO #: 156220
(617) 522-4849

**CERTIFICATE OF SERVICE**

I, Jose A. Espinosa, Attorney for the defendant, hereby certify that I served a copy of the attached **DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE and MOTION TO ACCEPT LATE FILING OF SENTENCING MEMORANDUM** upon Maureen B. Hogan, Assistant United States Attorney for the District of Massachusetts, by mail to United States Attorney's Office, John Joseph Moakley Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

Signed under the pains and penalties of perjury this 31st day of May, 2006.

Sincerely,

Jose A. Espinosa, Esq.
11 Green Street
Jamaica Plain, MA 02130
BBO #: 156220
(617) 522-4849